# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

**In Re**

EVELYN S. BECKER

**Debtor.**

**Bankruptcy Case No. 07-00788-JDP**

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

Randal J. French, BAUER & FRENCH, Boise, Idaho, Attorney for Debtor Evelyn Becker.

Kimbell D. Gourley, TROUT JONES GLEDHILL FUHRMAN, Boise, Idaho, Attorney for Trustee Gary Rainsdon.

Monte Gray, SERVICE SPINNER & GRAY, Pocatello, Idaho, Attorney for Creditor Dr. Jon R. Gray.

*Introduction*

On February 20, 2008, the Court entered an Order Disallowing Claim of Exemption. Docket No. 48. On February 26, 2008, Debtor Evelyn

MEMORANDUM OF DECISION - 1

Schmein Becker filed a "Motion to Set Aside Order Granting Objection to Debtor's Claim of Exemption, Docket No. 48." Docket No. 49. Creditor Dr. Jon R. Gray ("Creditor") objected to the motion. Docket No. 56. Debtor and Creditor thereafter executed and filed a Stipulation intended to resolve the issues raised by the motion and objection. Docket No. 59. At the direction of the Court, other interested parties were given notice of the filing of the proposed stipulation, and that the Debtor and Creditor intended to ask the Court for entry of an order approving their agreement. Docket No. 60. The notice also advised parties to file any responses or objections to the stipulation. *Id*.

In response to this notice, the chapter 7[1] trustee, Gary L. Rainsdon ("Trustee"), filed a "Statement" in which he objected to, and sought a hearing concerning, Debtor's motion to set aside the order disallowing Debtor's exemption claim prior to the Court's entry of any order approving the terms of the Stipulation. Docket No. 62. Trustee later filed another

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

MEMORANDUM OF DECISION - 2

pleading, a "Statement of Issues," in which he attempted to clarify his concerns about the proposed stipulation resolving Debtor's motion. Docket No. 67.

On June 3, 2008, the Court conducted a hearing at which evidence, testimony and arguments were presented by the parties. The Court took the issues under advisement. After careful consideration of the submissions of the parties, the testimony and evidence presented, the arguments of counsel, as well as the relevant law, the Court intends this Memorandum to constitute its findings of fact, conclusions of law and disposition of the issues. Rules 7052; 9014.

## *Facts*

In approximately July, 2006, Debtor was involved in a motor vehicle accident in which she was injured. She sought treatment from a variety of health care providers, including Creditor, a chiropractor. Debtor also commenced a personal injury action in state court to recover money damages from the other party involved in the accident, Michael A. Shaw.

MEMORANDUM OF DECISION - 3

On May 14, 2007, Debtor, acting *pro se*, filed a voluntary chapter 7 petition. Docket No. 1. In her schedules and Statement of Financial Affairs, she failed to list either the personal injury claim and action, or Creditor's claim for medical treatment. Docket Nos. 1; 16.[2]

On September 26, 2007, Debtor retained an attorney to represent her in the bankruptcy case, and thereafter, filed amended schedules and Statement of Financial Affairs. Docket Nos. 33; 35. In her amended Schedule B, Debtor listed the personal injury claim against Shaw; she also claimed the recovery in that action exempt in the amount of $25,000 on her amended Schedule C. Docket No. 35. However, Creditor's claim was not added to the list of creditors in Debtor's schedules.

On November 29, 2007, Creditor's counsel sent a letter to Debtor's counsel and Trustee informing them that Debtor owed Creditor approximately $10,896.55, plus accrued interest and attorneys fees, for

---

[2] Although the Court is free to take judicial notice of its official docket, Fed .R. Evid. 201(c), the parties specifically asked the Court to take judicial notice and consider the contents of certain pleadings filed in the bankruptcy case, Docket Nos. 1, 35, 45 and 47. The Court has done so.

MEMORANDUM OF DECISION - 4

medical services rendered. Ex. 1. In the letter, counsel asserted that Creditor was a secured creditor as a result of Debtor's execution in his favor of a pre-petition assignment for payment from an insurance receivable. *Id*. The letter also requested that Debtor's schedules be amended to reflect Creditor's status, sought information concerning the existence of any insurance proceeds, and asked that Creditor receive any future notices concerning the bankruptcy case. *Id*.

On January 9, 2008, Creditor filed an Objection to [Debtor's] Claim of Exemption concerning the personal injury claim and any recovery therefrom. Docket No. 45. In the objection, Creditor notified Debtor that he would seek to have the objection granted and Debtor's exemption disallowed without a hearing if Debtor did not respond to the objection within twenty days. Though Debtor and her counsel were served, Debtor filed no response to this objection, and on February 20, 2008, at Creditor's request, the Court entered an order sustaining Creditor's objection, and disallowing Debtor's claim of exemption in any recovery from the personal injury claim against Shaw. Docket No. 48.

MEMORANDUM OF DECISION - 5

Debtor filed the motion to set aside this order on February 26, 2008. Docket No. 49.

*Analysis and Disposition*

I.

As an initial matter, some comments concerning the somewhat odd procedural status of this matter are appropriate.

It was Creditor, not Trustee, who sought and obtained the disallowance of Debtor's claimed exemption on any potential recovery from Shaw for Debtor's personal injuries. Debtor then moved the Court to set aside the order disallowing her exemption claim, to which motion Creditor objected. Thereafter, Debtor and Creditor tentatively settled the issues raised by Debtor's motion and Creditor's objection. It was only after Debtor and Creditor sought approval of their settlement, and gave notice of its terms to other interested parties, that Trustee came forward to oppose entry of an order setting aside the disallowance of Debtor's exemption.

MEMORANDUM OF DECISION - 6

Because Debtor's exemption claim was disallowed, any recovery on her personal injury claim against Shaw would constitute property of the bankruptcy estate. Though Creditor, acting alone, obtained the order disallowing the exemption, all creditors of the estate stood to benefit from this action. And while Trustee did not timely oppose Debtor's exemption claim originally, as the official representative of the bankruptcy estate, and pursuant to his duty to maximize amounts available for distribution to creditors, Trustee no doubt has standing to oppose entry of an order reinstating any exemption. In other words, although Trustee was somewhat tardy in his entry into the fray, his objection now properly raises the issue as to whether the order disallowing Debtor's exemption claim should be set aside.

Moreover, the Court harbors considerable doubt that it would have approved the deal between Creditor and Debtor, which effectively allows Debtor to exempt the personal injury recovery. The parties' stipulation, Docket No. 59, called for Debtor to pay Creditor $7,500 directly from any recovery in her personal injury action. Simply put, in the stipulation,

MEMORANDUM OF DECISION - 7

Creditor was effectively dealing away the bankruptcy estate's right to participate in the, at that point, nonexempt recovery. Absent the consent of Trustee, the Court is skeptical that it should allow Creditor to individually benefit from this arrangement at the cost of the estate.

All things considered, while this contest has taken a somewhat bizarre route, the fundamental issue for the Court's consideration is not whether the Debtor/Creditor stipulation ought to be approved, but instead, whether good cause exists to set aside the Court's order disallowing Debtor's claim of exemption.

II.

A.

In this context, a motion for relief from an order is governed by Fed. R. Civ. P. 60(b) ("Civil Rule 60(b)"), made applicable in bankruptcy cases by Rule 9024. As Debtor is the party seeking relief under Civil Rule 60(b), she bears the burden of proving justification for relief. *In re Shingleton*, 07.4 I.B.C.R. 73, 73 (Bankr. D. Idaho 2007) (citing *Cassidy v. Tenorio*, 856 F.2d

MEMORANDUM OF DECISION - 8

1412, 1415 (9th Cir. 1988)).  Whether relief should be granted under any of the provisions of Civil Rule 60(b) is addressed to the sound discretion of the Court.  *In re Kirkendall*, 00.3 I.B.C.R. 125, 125 (Bankr. D. Idaho 2000) (citing *Zimmerman v. First Fidelity Bank (In re Silva)*, 97.4 I.B.C.R. 118, 119 *(Bankr. D. Idaho 1997) aff'd*, 85 F.3d 992 (9th Cir. 1999)).

Civil Rule 60(b) provides that a party may seek relief from a final judgment or order for a variety of reasons.  Here, only subsection (1) of that rule is implicated by Debtor's motion.  That subsection provides that the Court may relieve a party from the effects of a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect . . . ."  A court's treatment of Civil Rule 60(b) is not intended to be rigid, but instead requires the court to equitably consider all relevant circumstances surrounding a party's (or its lawyer's), errors or omissions.  *Pincay v. Andrews*, 389 F.3d 853, 856, 860 (9th Cir. 2004) (en banc) (noting that the standard was an equitable one requiring a flexible approach, declining to adopt a strict per se rule) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); *In re Bott*, 03.2 I.B.C.R. 125, 125 (Bankr.

MEMORANDUM OF DECISION - 9

D. Idaho 2003).

B.

Applying these standards to the facts of this case, Debtor's neglect is evident in this case. As noted in *Pioneer*, "neglect" means "to give little attention or respect" to a matter, or, "to leave undone or unattended to *esp[ecially] through carelessness*." *Pioneer*, 507 U.S. at 388 (emphasis in original; add'l citations omitted). That Debtor made no timely response to Creditor's objection to her exemption claim is a classic example of an important legal matter left undone, apparently through the carelessness of Debtor or her attorney.

As usual, the question then becomes whether the neglect displayed in this case is *excusable*. In evaluating claims of excusable neglect, the Court applies the four-prong analysis announced in *Pioneer, supra,* and adopted in the Rule 60(b) context by *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381-82 (9th Cir. 1997). Under *Pioneer* and *Briones*, the Court is instructed to consider: the extent of prejudice to the debtor if relief is not granted; the length of the delay between entry of the order and the request

MEMORANDUM OF DECISION - 10

that it be set aside, and the potential impact of granting such relief on the judicial proceedings; the reason for any such delay, including whether it was within the reasonable control of the movant; and whether the movant has acted in good faith. *Briones*, 116 F.3d at 381.

Considering the first factor, there is considerable prospect for prejudice to Debtor if the order disallowing her exemption claim is not set aside. Idaho's exemption statute for personal injury claims allows a debtor to shield a recovery for bodily injuries "to the extent reasonably necessary for the support of [the debtor] and [her] dependents . . . ." Idaho Code § 11-604(1)(c).[3] A significant portion of any recovery by Debtor from Shaw could be expected to be exempt under this statute.[4]

Debtor stands to lose all or part of those proceeds depending upon the

---

[3] Moreover, under these facts, there is some question whether Creditor's objection to Debtor's claim of exemption was timely. *See* Rule 4003; *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643-44 (1992); *Rainsdon v. Farson (In re Farson)*, 08.2 I.B.C.R. 31, 36 (Bankr. D. Idaho 2008).

[4] While it has not been yet been approved, the Court understands that Debtor and Shaw have negotiated a tentative settlement of the personal injury action for $25,000. Of course, Trustee must represent the bankruptcy estate's in the personal injury action, and must consent to any settlement of that claim.

MEMORANDUM OF DECISION - 11

outcome of the exemption issue. Hence, Debtor would surely be prejudiced if that issue were not resolved on the merits, rather than by default.

Debtor did not significantly delay in filing her motion. Only six days elapsed between entry of the Court's order sustaining Creditor's objection and disallowing the exemption, and the filing of Debtor's motion to set aside that order. Few resources have been consumed in reliance upon the order disallowing the exemption claim, and in this case, the Court can quite simply "rewind" the proceedings to a point prior to entry of the order sustaining Creditor's objection to Debtor's exemption. Since that order was entered by default, there will be no duplication in the proceedings. Thus, this factor weighs in favor of granting Debtor relief from the order.

Trustee noted at the hearing that the Court has been given no evidence to explain the reasons for Debtor's failure to respond to Creditor's objection. Absent an explanation, the Court could speculate that none exists. At the hearing, Debtor's counsel represented that

MEMORANDUM OF DECISION - 12

Creditor's attack on her exemption claim went unchallenged because of what he describes as a "simple oversight" by counsel.  He explains that instead of responding to Creditor's objection, counsel was distracted by the need to respond to another pending motion in Debtor's case.  Is counsel's failure to protect his client's rights the sort of neglect that should be excused?

*Pioneer* also involved attorney neglect.  In that case, an attorney failed to file proofs of claim prior to the bar date, citing a disruption in his professional life as the cause.  The Supreme Court gave little credence to counsel's excuse, focusing instead on the "peculiar and inconspicuous placement of the bar date" in the notice by the court to counsel.  *Id*. at 398.

Debtor's counsel's excuse that because he was focused on the other pending motion in this case, he overlooked the need to contest the exemption challenge also deserves little respect.  Competent representation of debtors in bankruptcy cases necessarily requires counsel to "multi-task" since routinely a variety of potential requirements for action and contested matters may be in play at any one time.

MEMORANDUM OF DECISION - 13

On the other hand, this is clearly not an instance where Debtor or counsel have shown any lack of good faith. Mistakes happen, and one happened here: counsel simply overlooked Creditor's objection to Debtor's exemption. When the order disallowing that exemption was entered, counsel promptly moved to have it set aside. There is nothing sinister afoot here.

This is a close call. "While the term 'excusable neglect' should be liberally construed, especially in those instances where the order or judgment forecloses trial on the merits of a claim, 'not even a liberal interpretation of excusable neglect will excuse every error or omission in the conduct of litigation.'" *In re Bott*, 03.2 I.B.C.R. 125, 127 (Bankr. D. Idaho 2003), (quoting *In re Bish's Boys, L.L.C.*, 02.1 I.B.C.R. 6, 7 (Bankr. D. Idaho 2002) (internal citations omitted)). The Court is concerned that, by granting Debtor relief, its decision might be construed as minimizing the consequences associated with counsel's failure to timely act to protect his client's interests. On the other hand, the Court is mindful that, "where there has been no decision on the merits, an appropriate exercise of

MEMORANDUM OF DECISION - 14

discretion requires that considerations favoring finality of judgments should give way 'fairly readily, to further the competing interest in reaching the merits of a dispute.'" *In re Bott*, 03.2 I.B.C.R. at 127 (quoting *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001)).

In *Pioneer*, the court explained that the decision whether neglect should be excused "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395. Here, there was minimal delay between entry of the target order and Debtor's request that it be set aside, and the danger of prejudice to Debtor if her exemption claim is not considered is great. There has been no determination on the merits concerning Debtor's right to claim an exemption in the personal injury recovery. All things considered, the Court is persuaded to exercise its discretion in Debtor's favor, and declines to allow the contest to be decided by her default.

### *Conclusion*

MEMORANDUM OF DECISION - 15

Debtor's motion to set aside the order disallowing her exemption claim on any personal injury recovery will be granted by separate order.[5]

//

Dated: July 25, 2008

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[5] The Court expresses no opinion concerning Creditor's rights as to the personal injury proceeds, if any, as an alleged secured creditor arising under the pre-petition assignment. In addition, based upon the Court's decision to set aside the order disallowing Debtor's exemption claim, the request by Debtor and Creditor to approve their stipulation to resolve Debtor's motion is moot.

MEMORANDUM OF DECISION - 16